IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

**JULIE W. BRINSON, Individually as a**     :
**Surviving Spouse of JUDSON BYRON**     :
**BRINSON, Deseased; and JULIE W.**     :
**BRINSON, as Executrix and Personal**     :
**Representative of the Estate of**     :     **Civil Action No.**
**JUDSON BYRON BRINSON, deceased,** :     **6:06-cv-21 (HL)**
                                                                   :
      **Plaintiffs,**     :
                                                                   :
      **v.**     :
                                                                   :
**RAYTHEON COMPANY, et al. ,**

      **Defendants.**


## ORDER

Various Notices and Stipulations have been filed by multiple parties to this action in an apparent attempt to have certain parties, originally listed in the Complaint, consolidated or dismissed entirely. Plaintiffs have filed a Notice of Voluntary Dismissal attempting to dismiss Defendants L-3 Communications Integrated Systems, L.P. and L-3 Communications Corporation with prejudice (Doc. 94). In addition, Defendant Roller Bearing Company of America, Incorporated ( "Defendant Roller Bearing" ) has filed a Stipulation specifying the dismissal of Defendant Heim Bearing Company (Doc. 92). Defendant Raytheon Aircraft Company ( "Defendant Raytheon" ) has also filed a Stipulation specifying the dismissal of Defendant Raytheon Company, Defendant

Raytheon Holdings, Incorporated, Defendant Aircraft Services, Incorporated, Defendant Pilatus Aircraft, Limited, and Defendant Pilatus Business Aircraft, Limited (Doc. 93). Due to the procedural defects within each notice or stipulation, none of the pleadings listed above has affected the status of any party to this case.

## I. VOLUNTARY DISMISSAL OF ACTIONS UNDER RULE 41

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of civil actions. According to Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). Therefore, "[o]nce the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation, Rule 41(a)(1)(ii), or by order of the court, 'upon such terms and conditions as the court deems proper' Rule 41(a)(2)." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394, 110 S.Ct. 2447, 2455 (1990) (quoting Fed. R. Civ. P. 41(a)(2)).

## II. PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL

Plaintiffs filed a Notice of Voluntary Dismissal with Prejudice attempting to dismiss Defendant L-3 Communications Integrated Systems, L.P. and Defendant L-3 Communications Corporation on July 31, 2006. Because both Defendants answered the Complaint on May 24, 2006 - prior to the filing of Plaintiffs' Notice - Plaintiff no longer

has the right to unilaterally dismiss Defendants without the consent of all parties that have appeared in the action. As Plaintiffs' Notice did not include the signature of any party's counsel other than Plaintiffs's counsel, Plaintiffs' Notice did not dismiss Defendant L-3 Communications Integrated Systems, L.P. and Defendant L-3 Communications Corporation.

### III. DEFENDANT ROLLER BEARING AND DEFENDANT RAYTHEON'S STIPULATIONS

#### A. Defendant Roller Bearing

Defendant Roller Bearing filed, on July 31, 2006, a Stipulation asserting that Defendant Roller Bearing is the proper defendant in this action for all claims alleged against Defendant Heim Bearings Company. The Stipulation did not include the signature of Plaintiffs or any other party appearing in this action. Defendant Roller Bearing and Defendant Heim Bearings Company both answered the Complaint on April 28, 2006.

#### B. Defendant Raytheon

On July 31, 2006, Defendant Raytheon Aircraft Company filed a Stipulation asserting that Raytheon Aircraft Company is the proper Defendant in this action for all claims alleged against Defendant Raytheon Company, Defendant Raytheon Holdings, Incorporated, Defendant Aircraft Services, Incorporated, Defendant Pilatus Aircraft, Limited, and Defendant Pilatus Business Aircraft, Limited. Defendant Raytheon's Stipulation did not include the signature of Plaintiffs or any other party appearing in this action. All of the above named Defendants answered the Complaint on May 10, 2006.

C. Analysis

Federal Rule of Civil Procedure 41 specifies the procedure in which actions are dismissed. The various options include voluntary dismissal by a plaintiff, voluntary dismissal by stipulation, voluntary dismissal by order of court, and involuntary dismissal for failure to prosecute or comply with the federal rules. Fed. R. Civ. P. 41. As discussed above, because all Defendants relevant to this issue have answered the Complaint, voluntary dismissal by Plaintiff is no longer an available option. In addition, because voluntary dismissal by stipulation requires the consent of all parties appearing in the action and neither of Defendant's Stipulations included the required signatures, voluntary dismissal by stipulation does not secure the desired dismissals. Further, as neither Defendant Roller Bearing nor Defendant Raytheon requested leave of Court or alleged Plaintiffs have failed to prosecute this action or comply with any rule, it does not appear as if Defendants are attempting to use either the voluntary dismissal by order of court option or the involuntary dismissal option. Therefore, Defendants respective stipulations have no effect on the status of any named party to the action

**IV. CONCLUSION**

Plaintiffs' Notice of Voluntary Dismissal attempting to dismiss Defendants L-3 Communications Integrated Systems, L.P. and L-3 Communications Corporation with prejudice (Doc. 94), Defendant Roller Bearing's Stipulation specifying the dismissal of Defendant Heim Bearing Company. (Doc. 92), and Defendant Raytheon's Stipulation

4

specifying the dismissal of Defendant Raytheon Company, Defendant Raytheon Holdings, Incorporated, Defendant Aircraft Services, Incorporated, Defendant Pilatus Aircraft, Limited, and Defendant Pilatus Business Aircraft, Limited. (Doc. 93) have no effect on the status of any named party to this action.

      **SO ORDERED**, this the 2nd  day of August, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs