IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| JULIE W. BRINSON, Individually ) <br> as Surviving Spouse of JUDSON ) <br> BYRON BRINSON, deceased, ) <br> and JULIE W. BRINSON, ) <br> as Executrix and Personal ) <br> Representative of the Estate of ) <br> JUDSON BYRON BRINSON, ) <br> deceased, ) <br>   ) <br>     Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> RAYTHEON COMPANY, ) <br> a Delaware corporation doing ) <br> business in Georgia; RAYTHEON ) <br> AIRCRAFT COMPANY, a Kansas ) <br> corporation doing business in ) <br> Georgia; RAYTHEON AIRCRAFT ) <br> HOLDINGS, INC., a Delaware ) <br> corporation doing business in ) <br> Georgia; RAYTHEON AIRCRAFT ) <br> SERVICES, INC., a Kansas ) <br> corporation doing business in ) <br> Georgia; UNITED TECHNOLOGIES) <br> CORP., a Delaware corporation ) <br> doing business in Georgia; ) <br> PILATUS AIRCRAFT, LTD, ) <br> a foreign corporation doing business ) <br> in Georgia; PILATUS BUSINESS ) <br> AIRCRAFT, LTD, a Colorado ) <br> corporation doing business in ) <br> Georgia; MARTIN BAKER ) <br> COMPANY, LTD. A foreign ) <br> corporation doing business in ) | CIVIL ACTION FILE <br><br> NO. 6:06-CV-21 |

| | |
|---|---|
| Georgia; MARTIN BAKER AIRCRAFT COMPANY, LTD, a foreign corporation doing business in Georgia; MARTIN BAKER U.S.A., a U.S. corporation doing business in Georgia; MARTIN BAKER AMERICA, INC., a U.S. corporation doing business in Georgia; AERO-MACH LABS, INC., a Kansas corporation doing business in Georgia; L-3 VERTEX AEROSPACE, LLC, a Delaware corporation doing business in Georgia; L-3 COMMUNICATIONS INTEGRATED SYSTEMS, L.P., a Delaware partnership doing business in Georgia; L-3 COMMUNICATIONS CORPORATION, a Delaware corporation doing business in Georgia; ROLLER BEARING COMPANY OF AMERICA, INC., a U.S. company doing business in Georgia; and HEIM BEARINGS COMPANY, a U.S. corporation doing business in Georgia, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

NOW on this 14th day of September, 2006, this matter comes before the Court by agreement of the parties seeking entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c).

71483.2
2

WHEREUPON, counsel for the parties to this action advise the Court that in the discovery of this case, the parties will seek from one another information and documents containing confidential and proprietary information relating to the respective parties' businesses. Such information could possibly be used to create an unfair business advantage, which all parties wish to avoid. Counsel further advises the Court that they believe the following terms will provide the necessary protection.

WHEREUPON, based upon the parties' consent, the Court finds that:

1. It is desirable for the parties in this action and their respective counsel to coordinate their efforts and exchange information for the purposes of this action in the most expeditious fashion possible, with a minimum of burden, expense, disputes and delay.

2. The discovery sought by the parties will likely reveal proprietary information of the business operations of the other parties, which is sensitive and confidential and, in some cases, may contain trade secrets.

3. The purpose of this Protective Order is to protect the confidentiality of said business information, and to insure the parties can obtain and pursue discovery with a minimum of delay and expense.

4. For the purposes of this Protective Order, the following words shall have the following meanings:

a. "Documents" shall mean (1) all written, electronic (including but not limited to data files, compact discs, DVDs, videotape, audiotape), recorded or graphic matter, which (a) are or have been produced in connection with this action by any party; or (b) are produced in this action to the parties by any non-party pursuant to the Federal Rules of Civil Procedure or as otherwise ordered by the Court; and (2) any copies, reproductions or summaries of the foregoing, including microfilm copies.

b. "Discovery Materials" shall mean (1) Documents other than documents which are publicly available (i.e. obtainable without formal legal process); (2) Rule 26(a) documents, answers to interrogatories, responses to requests for production and responses to requests for admissions served or filed in this action; and (3) deposition testimony taken in this action and deposition exhibits. "Discovery Materials" shall also include copies, excerpts and summaries of such documents in any pleadings of papers filed with the Court which quote from, summarize, incorporate or attach any of the foregoing materials.

c. "Confidential Information" shall mean trade secret or proprietary or confidential financial or commercial information contained in

71483.2
4

Discovery Materials, the use of, or disclosure by, the parties or other third parties or the disclosure of which to certain personnel of another party or to third parties may cause injury to the business of the party producing such information.

      d.   "Competitor" shall mean any person or entity that designs manufactures, assembles or supplies products to or for the market(s) served by the designating party ("Competitive Products") or components of Competitive Products.

5. All Discovery Materials which the producing party claims contain Confidential Information shall be designated as "Confidential" or "Proprietary" by the producing party by stamping such a designation on each page which contains Confidential Information, if a Document, or by designating such materials in written correspondence to counsel for all other parties, if a portion of a deposition or pleading, or by stamping such a designation on the data storage devise (e.g., CD, DVD, videotape, audiotape, disk).[1]  A non-producing party may also designate material produced by another party that contains Confidential Information as "Confidential" or

---

[1] Any Discovery Materials previously produced pursuant to Rule 26(a) may be designated as "Confidential" or "Proprietary" and have full retroactive protection under this Agreed Confidentiality and Protective Order.

"Proprietary" by written notice to all parties identifying each document that it determines contains Confidential Information; such designation shall satisfy the requirements of this paragraph. By entering this Agreed Confidentiality and Protective Order, the parties do not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court. Any dispute between the parties shall be resolved pursuant to paragraph 13 of this Agreed Confidentiality and Protective Order.

6. All Discovery Materials designated as set forth in paragraph 5 that are produced or provided, and the contents thereof, shall be used by the non-producing parties solely for the purposes of this litigation. Except by order of the Court, such Discovery Materials and the information contained therein shall not be used by anyone other than the producing party for any purpose other than this litigation, including, without limitation, any business or commercial purpose or for any other litigation.

7. The parties are free to reproduce the Discovery Materials subject to this Protective Order if all such copies are treated as though they were originals and the confidentiality of each such copy is maintained in

accordance with the terms and conditions of this Order. Copies of all documents and other tangible things containing information derived from these documents shall also be treated as confidential.

8. Subject to the terms, conditions and restrictions of this Protective Order, Discovery Materials designated as set forth in paragraph 5 shall be disclosed only to the following persons:

    a.    The parties, their counsel and any paralegal or office staff working under counsel's direction;

    b.    Any witness or potential witness in this action who is contacted by or on behalf of the parties' respective counsel of record for the purposes of pretrial investigation, deposition preparation or witness interrogation, provided that such witness or potential witness may only be shown and may not retain a copy of such Discovery Materials;

    c.    Testifying and/or consulting experts retained or specially employed by counsel concerning the preparation and trial of this action;

    d.    Auditors or others engaged by any party for the purpose of preparing, filing or otherwise complying with any securities or other regulatory obligations, to report, synthesize and/or disclose the affairs of the party;

  e. Court reporters and other persons involved in recording deposition testimony in this action;

  f. Employees of copying and/or microfilming services utilized with respect to this action;

  g. The Court and any persons employed by the Court whose duties require access to any information filed in connection with this action.

9. Before disclosing any Discovery Materials designated pursuant to paragraph 5 to any person or entity described in paragraphs 8b, c, d or f, other than the parties or their lawyers as specified in paragraph 8a or to court personnel as specified in paragraphs 8e and 8g, disclosing counsel shall advise said persons of the provisions of this Protective Order and shall provide them with a copy of this Protective Order. Except for the parties and their counsel specified in paragraph 8a or to court personnel as specified in paragraphs 8e and 8g, the persons specified in paragraphs 8b, c or d shall execute a written agreement to be bound by this Protective Order before any Discovery Materials designated pursuant to paragraph 5 are shown to them. The form of the agreement to be bound shall be as follows:

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

**The undersigned acknowledges receipt of a copy of the PROTECTIVE ORDER ("Protective Order") in the matter**

**of Julie W. Brinson, Individually as Surviving Spouse of Judson Byron Brinson, deceased, and Julie W. Brinson, as Executrix and Personal Representative of the Estate of Judson Byron Brinson, deceased, Plaintiffs v. Raytheon Company, a Delaware corporation doing business in Georgia; Raytheon Aircraft Company, a Kansas Corporation doing business in Georgia; Raytheon Aircraft Holdings, Inc., a Delaware corporation doing business in Georgia; Raytheon Aircraft Services, a Kansas corporation doing business in Georgia; United Technologies Corp., a Delaware corporation doing business in Georgia; Pilatus Aircraft, Ltd., a foreign corporation doing business in Georgia; Pilatus Business Aircraft, Ltd., a Colorado corporation doing business in Georgia; Martin Baker Company, Ltd., a foreign corporation doing business in Georgia; Martin Baker Aircraft Company, Ltd., a foreign corporation doing business in Georgia; Martin Baker U.S.A., a U.S. corporation doing business in Georgia; Martin Baker America, Inc., a U.S. corporation doing business in Georgia; Aero-Mach Labs, Inc., a Kansas corporation doing business in Georgia; L-3 Vertex Aerospace, LLC, a Delaware corporation doing business in Georgia; L-3 Communication Integrated Systems, L.P., a Delaware Partnership doing business in Georgia; L-3 Communications Corporation, a Delaware corporation doing business in Georgia; Roller Bearing Company of America, Inc., a U.S. company doing business in Georgia; and Heim Bearings Company, a U.S. corporation doing business in Georgia, Defendants, CIVIL ACTION NO. 6:06-CV-21, in the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA THOMASVILLE DIVISION.**

**The undersigned agrees to be bound by the Protective Order and to maintain all Discovery Materials designated in accordance with such Protective Order in confidence, and not to disclose such Discovery Materials to anyone other than in accordance with the terms of this Confidentiality Agreement.**

**If the undersigned executes this agreement on behalf of an entity, this agreement also shall bind all the employees, agents and representatives of the entity.**

**Date** _____

**Name** _____

**Title** _____

**On Behalf Of** _____

**Signature** _____

Disclosing counsel shall maintain a copy of all agreements executed by persons to whom Discovery Materials designated pursuant to paragraph 5 have been disclosed, as well as a list of all persons to whom such Discovery Materials have been disclosed.

10. In the event that any person is asked at a deposition with respect to which a party asserts that the answer requires the disclosure of Confidential Information, such question shall nonetheless be answered by the witness fully and completely, subject to other objections or instructions asserted by counsel.  Prior to answering, however, all persons, other than the witness, who are not allowed to obtain Confidential Information pursuant to paragraph 8 of this Protective Order shall leave the room during the time in which this information is disclosed or discussed.  Alternatively, or in addition,

counsel for the designating party may, within ten (10) business days after receipt of the deposition transcript (and videotape as applicable), notify all other counsel, on the record or in writing, that the information disclosed has been designated pursuant to paragraph 5. Those portions of the deposition that are so designated shall be filed separately and under seal with the Court whenever the deposition is so filed. In order to facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated as though the entire transcript has been designated pursuant to paragraph 5 until ten (10) business days after receipt of the transcript.

11. In the event a party wishes to use any "Confidential" or "Proprietary" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "Proprietary" information used therein shall be filed under seal with the Court. The Clerk of this Court is directed to maintain under seal all documents, transcripts, and other papers filed in this Court in this litigation that have been designated in whole or in part as "Confidential" or "Proprietary" information by a party to this action.

12. The inadvertent production of any Discovery Materials shall be without prejudice to any claim by the producing party that such material is protected by any privilege or work product doctrine of the applicable jurisdiction, and no party shall be held to have waived any of its rights under such privilege or doctrine by the inadvertent production of such materials.  Counsel for the producing party shall promptly notify all other counsel upon discovery of such inadvertent production, at which point all receiving counsel shall promptly (i.e. within 10 days of receiving such notice) return any such inadvertently produced materials to the producing party.

13. If at any time a party objects to a designation of information as "Confidential" or "Proprietary" pursuant to paragraph 5, the objecting party shall so notify the designating party in writing.  However, if such objection is not made (a) within thirty (30) days of receipt of the designated Discovery materials, the right to make such objection under this paragraph 13 shall be deemed waived.  The notices setting forth any such objection shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection.  Within fifteen (15) business days of the receipt of such notice, the designating party may apply to the Court for a ruling on

the continued status of the information. The application shall set forth in reasonable detail the reasons why the designating party believes the information is entitled to the designated status. The designated status of the information shall be maintained until final ruling on the application. If no application is submitted within the period stated above, the information shall be deemed not to be Confidential Information and shall be treated as if it had not been so designated.

14. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of Court. If any third party moves to compel a party to this action to produce any Discovery Materials designated pursuant to paragraph 5, such party shall immediately notify the party who originally produced such Discovery Materials that a motion has been made in order to allow the party who originally produced such Discovery Materials the opportunity to oppose the motion. In addition, if a party is ordered to produce Discovery Materials covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given the party that produced such Discovery Materials. Nothing in this Agreed Confidentiality and Protective Order shall be construed

as requiring the party who is ordered to produce such Discovery Materials to challenge or appeal any order requiring the production of such Discovery Materials or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

15. Nothing in this Protective Order restricts the use a party may make of any Discovery Materials produced or generated by it in this action provided that such Discovery Materials contain no Confidential Information or contain only the Confidential Information of such party.

16. This Protective Order shall continue to be binding after the conclusion of this action except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.  The Court shall retain jurisdiction to enforce or modify this Protective Order.

17. At the conclusion of this action, including any appeals from any judgment or order entered by this Court and any retrial, counsel shall return to counsel for the producing party all Discovery Materials (and any copy thereof) designated as "Confidential" or "Proprietary"

pursuant to paragraph 5.  In addition, counsel shall certify in writing that all such Discovery Materials have been returned.  Counsel for each party also shall contact each person to whom that party has provided a copy of any Discovery Materials produced by any other party which are designated as "Confidential" or "Proprietary" pursuant to paragraph 5 and request the documents be returned.  Counsel shall certify as to each person to whom he/she has provided any such Discovery Materials that the same have been returned to counsel and returned to counsel for the producing party.

18. Before any party discloses any Confidential Information to a Competitor, the disclosing party must provide the other parties with notice of such intent no less than fourteen (14) days prior to the disclosure.

THEREFORE, a Protective Order is hereby entered in accordance with the terms set forth above this 26th day of September, 2006.

**s/   Hugh Lawson**
Hon. Hugh Lawson
UNITED STATES DISTRICT JUDGE

### *CERTIFICATION OF ELECTRONIC FILING*

*I certify that the originally executed document contains the signature of all filers indicated herein and therefore represents consent for filing of this document.*

*/s/ Hugh B. McNatt*

APPROVED BY:

 /s/  Hugh B. McNatt
Hugh B. McNatt
602 Church Street
P.O. Drawer 1168
Vidalia, GA 30475


 /s/ T. Joshua R. Archer
T. Joshua R. Archer
Balch & Bingham LLP
30 Allen Plaza, Suite 700
30 Ivan Allen Jr. Boulevard
Atlanta, GA 30308

*Attorneys for Defendants
Raytheon Company, Raytheon
Aircraft Company, Raytheon
Aircraft Holdings, Inc., Raytheon
Aircraft Services, Inc., Pilatus
Aircraft, Ltd. and Pilatus Business
Aircraft, Ltd.*


 /s/  Bruce D. Campbell
Bruce D. Campbell
Mack H. Shultz, Jr.
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

*Attorneys for Martin Baker
Aircraft Company, Ltd.*

 /s/ Joseph W. Popper
Joseph W. Popper
Sell & Melton, LLP
P.O. Box 229
Macon, GA 31202-0229

*Attorney for Aero-Mach Labs, Inc.*


 /s/ Kelly Amanda Lee
Kelly Amanda Lee
Womble Carlyle Sandridge &
Rice, PLLC
1201 W. Peachtree St., N.E., Suite 3500
Atlanta, GA 30309

*Attorney for L-3 Vertex
Aerospace, LLC, L-3
Communications Integrated
Systems, L.P., and L-3
Communications Corporation*


 /s/  J. Arthur Mozley
J. Arthur Mozley
Edward C. Bresee, Jr.
Mozley, Finlayson & Loggins, LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342

*Attorneys for Roller Bearing
Company of America, Inc. and
Heim Bearings Company*

 */s/*  Robert L. Parks
Robert L. Parks
Haggard, Parks, Haggard & Lewis
330 Alhambra Circle, First Floor
Coral Gables, FL 33134


 */s/*  J. Anderson Harp
J. Anderson Harp
Jefferson C. Callier
Taylor, Harp, Callier & Morgan
P.O. Box 2645
Columbus, GA 31902

*Attorneys for Plaintiff*